**Entered on Docket
August 26, 2005**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: August 26, 2005**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                              No. 03-40883 TD
                                                   Chapter 7
MAXINE WEBB,

        Debtor.
_____/

SARA L. KISTLER, Acting                            A.P. No. 04-4389 AT
United States Trustee,

        Plaintiff,

   vs.

MAXINE WEBB,

        Defendant.
_____/

**MEMORANDUM OF DECISION**

    Plaintiff Sara L. Kistler (the "UST"), the Acting United States Trustee, moves to amend the complaint filed in the above-captioned adversary proceeding (the "Complaint") to add a claim objecting to the debtor's discharge. At the same time, she moves for summary judgment on the amended claim. Defendant Maxine Webb, the above-captioned debtor (the "Debtor"), opposes both motions. For the reasons stated below, the motions will be granted.

**SUMMARY OF FACTS AND PROCEDURAL HISTORY**

The Debtor filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code on February 13, 2003. She failed to disclose a pending lawsuit (the "South Shore Litigation") in her bankruptcy schedules. In addition, at a meeting of creditors, despite having attended a trial setting conference in the South Shore Litigation only a few weeks before, at which time the case was set for trial, the Debtor testified under oath that she was not a party to any pending litigation. The chapter 7 trustee (the "Trustee") did not learn about the South Shore Litigation until after the Debtor had received her discharge and the case had been closed.

After learning about the South Shore Litigation, the Trustee moved to reopen the chapter 7 case and filed a notice of possible dividends.[1] A few months later, the Trustee filed and served a notice of intent to settle the South Shore Litigation for $10,000. Before the time had expired for objecting to the settlement, the Debtor moved to convert the case to chapter 13 and to set aside her chapter 7 discharge. Since a chapter 7 debtor has an absolute right to convert the case to chapter 13 at any time; see 11 U.S.C. § 706(a); the motion was necessarily granted.

---

[1] The Debtor complains that the Trustee failed to act diligently in reopening the case, having learned about the South Shore Litigation in July 2003 and not having moved to reopen the chapter 7 case until January 2004. This delay has not been explained. However, the Court does not believe that it affects the issues in this case.

2

However, the UST immediately filed a motion to re-convert the chapter 13 case to chapter 7. The Debtor filed a chapter 13 plan. The UST objected to confirmation of the plan. Ultimately, an evidentiary hearing was conducted on both confirmation of the plan and the motion to re-convert the case. Based on the evidence presented at that hearing, the Court concluded that the Debtor had acted culpably in failing to schedule the South Shore Litigation and testifying at the meeting of creditors that she was not a party to any pending litigation. Consequently, in December 2004, the Court ordered the case converted back to chapter 7. A new deadline was set for objecting to the Debtor's discharge.

On December 30, 2004, prior to the expiration of the new deadline, the UST commenced the above-captioned adversary proceeding. The Complaint asserted two claims for relief: (1) a declaration that the Debtor had waived her discharge and (2) revocation of the Debtor's discharge. Thereafter, the UST filed a motion for summary judgment on these claims. The Debtor opposed the motion, contending that she had not waived her discharge and that the deadline for filing an action to revoke her discharge had expired.

At the conclusion of the hearing, the Court denied the UST's motion for summary judgment. It agreed with the Debtor that there was a distinction between a waiver of her discharge and her agreement that her discharge could be set aside. A waiver of her discharge would have been permanent and would eliminated her right to obtain a discharge in the converted chapter 13 as well as in

3

the re-converted chapter 7 case. Her agreement to set aside her discharge was specific to the discharge that had been granted in her original chapter 7 case. The Court concluded that the UST's claim for revocation of the Debtor's discharge could not be granted because the Debtor had set aside her discharge. Thus, there was not yet any discharge to be revoked.[2]

Thereafter, the UST filed a motion to amend the Complaint to add a claim for denial of the discharge. She contended that the claim related back to the date the Complaint was filed because it was based on the same conduct as the revocation claim. See Fed. R. Civ. Proc. 15(c), made applicable to this proceeding by Fed. R. Bankr. Proc. 7015. The UST also moved for summary judgment on the amended claim, contending that collateral estoppel and the law of the case doctrine compelled denial of the Debtor's discharge. The Debtor opposed both motions, based solely on the contention that the claim was time barred, even if it did relate back to the date the Complaint was filed. She contended that no new deadline for objecting to her discharge arose in the re-converted case. The contested motion was heard on August 18, 2005 and was taken under submission.

**DISCUSSION**

---

[2]Moreover, the UST would be unable to assert a claim for revocation of the Debtor's discharge, if she were to receive one, in the re-converted case. Section 727(d)(1) of the Bankruptcy Code requires that the party requesting denial of the discharge not know of the fraud prior to the entry of the discharge. See 11 U.S.C. § 727(d)(1).

4

There is no dispute that, based on the Court's findings and conclusions at the evidentiary hearing on the motion to re-convert the case to chapter 7, the UST is entitled to judgment on a claim seeking to deny the Debtor's discharge provided the claim is not time barred. There is also no dispute that the claim for denial of the Debtor's discharge relates back for limitations purposes to the date the Complaint was filed. The claim for denial of the Debtor's discharge is based on the same conduct upon which the claim for revocation of her discharge was based. The only issue is whether claim was time barred as of December 30, 2004 because no new deadline for objecting to the Debtor's discharge arose in her re-converted chapter 7 case.

The Debtor contends that no new deadline arose when her case was converted back to chapter 7. She relies for this contention on Fed. R. Bankr. Proc. 1019(2). Rule 1019(2) provides, in pertinent part, that: "a new time period [for filing a complaint objecting to discharge] shall not commence if a chapter 7 case had been converted to a chapter...13 case and thereafter reconverted to a chapter 7 case and the time for filing...a complaint objecting to discharge...expired in the original chapter 7 case." The Debtor received a discharge in her original chapter 7 case. She would not have received the discharge if the time for objecting to her discharge had not expired. Thus, the plain language of the rule supports the Debtor's position.

The UST contends that Rule 1019(2) was not intended to apply to a chapter 7 case in which the debtor had agreed to set aside

5

her discharge.  She argues that Rule 1019(2) applies to a chapter 7 case which is converted to another chapter after expiration of the deadline for filing objections to discharge but before a discharge has been entered.  If the case is converted after the discharge is entered and then is re-converted, the appropriate remedy would be to seek revocation of the discharge.  However, by setting aside her discharge, the Debtor deprived interested parties of this remedy.

The Court concludes that the UST's motion to amend should be granted, albeit for a slightly different reason.  The Court cannot disregard the plain language of Rule 1019(2).  However, the Court concludes that, by agreeing to set aside her chapter 7 discharge, the Debtor implicitly waived the benefit of this rule.  It would be meaningless for a debtor to agree that, upon conversion of her case to chapter 13, her chapter 7 discharge could be set aside, if she did not also intend to agree that, if the case were re-converted to chapter 7, a new deadline for objecting to the chapter 7 discharge would commence.

The UST also filed a motion for summary judgment on the amended claim.  This is procedurally improper since she has not yet filed an  amended complaint nor filed a proposed amended complaint.  Rule 56 of the Federal Rules of Civil Procedure permit a motion for summary judgment to be filed no sooner than 20 days after the claim is filed.  However, the Debtor raised no objection to this procedure or to the  UST's right to summary judgment if the claim were not time barred.   She based her objection solely

6

on the argument that the claim was untimely filed. In addition, she expressed dissatisfaction with the delay in bringing this matter to resolution and an intention to file an appeal if the Court ruled adversely to her. For this reason, the Court will grant the UST's motion for summary judgment as well as the motion to amend.

## CONCLUSION

The UST's motion to amend the Complaint to assert a claim for denial of the Debtor's chapter 7 discharge and for summary judgment on that claim is hereby granted. The UST is hereby directed to submit a proposed form of order and judgment in accordance with this decision.

END OF DOCUMENT

7

```
                        COURT SERVICE LIST
   Margaret H. McGee
   United States Department of Justice
   Office of the United States Trustee
   1301 Clay St., Ste. 690N
   Oakland, CA 94612-5217

   Maxine Webb
   7618 Ney Ave.
   Oakland, CA 94605
```