**Entered on Docket
December 09, 2005**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: December 08, 2005**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              No. 03-40883 TD
                                   Chapter 7
MAXINE WEBB,

          Debtor.
_____/

SARA L. KISTLER, Acting            A.P. No. 04-4389 AT
United States Trustee,

          Plaintiff,

     vs.

MAXINE WEBB,

          Defendant.
_____/
```

**MEMORANDUM OF DECISION RE PLAINTIFF'S
THIRD MOTION FOR SUMMARY JUDGMENT**

Plaintiff Sara L. Kistler (the "UST"), the Acting United States Trustee for this Region, seeks summary judgment in the above-captioned adversary proceeding, seeking denial of the chapter 7 discharge of Defendant Maxine Webb (the "Debtor"). For the reasons stated below and in the Court's Memorandum of Decision

with respect to the UST's second motion for summary judgment (the "Court's Prior Memorandum"), the motion will be granted.

The relevant facts are summarized in the Court's Prior Memorandum and will not be repeated here. Two issues are presented by the UST's motion. First, whether the claim for denial of the Debtor's discharge is time barred. Second, whether collateral estoppel and the Court's prior determination with respect to the UST's motion to reconvert the Debtor's bankruptcy case from chapter 13 to chapter 7 entitles the UST to summary judgment on her claim.

The first issue is a purely legal issue and appears to be one of first impression. Rule 1019(2) of the Federal Rules of Bankruptcy Procedure provides that, when the deadline for objecting to a debtor's discharge in a chapter 7 case has expired before the debtor converts the case to chapter 13 and the case is reconverted to chapter 7, no new deadline to object to the discharge commences upon reconversion. The legal issue posed here is whether Rule 1019(2) applies in a reconversion to chapter 7 when the debtor has actually been granted her chapter 7 discharge but agrees to vacate it when the case is converted to chapter 13. As the Court stated in the Court's Prior Memorandum, the Court concludes that Rule 1019(2) does not apply under those circumstances and that a new deadline to object to the debtor's discharge commences to run. Therefore, it concludes that the UST's claim for denial of the Debtor's discharge under 11 U.S.C. § 727(a)(4)(A) is not time barred.

Case: 04-04389   Doc# 49   Filed: 12/08/05   Entered: 12/09/05 15:51:00   Page 2 of 7

As discussed in the Court's Prior Memorandum, to conclude that Rule 1019(2) does apply under these circumstances would lead to an absurd result. By vacating her discharge, the debtor extinguishes a claimant's right to seek revocation of the debtor's discharge based on a bankruptcy fraud discovered after the discharge was entered. The rules cannot be sensibly read to give the debtor the power to extinguish that remedy without substituting some other remedy for it: i.e., a new deadline for objecting to the discharge. Otherwise, as stated in the Court's Prior Memorandum, the agreement to vacate her discharge would be meaningless. According to the Debtor's rationale, by agreeing to vacate her discharge, the Debtor guaranteed herself an absolute right to a discharge on reconversion to chapter 7.[1] This was clearly not the result the rule was intended to effect.

The second issue is whether the UST is entitled to a determination that the Debtor's discharge should be denied based on the doctrine of collateral estoppel based on the Court's findings and conclusions in connection with the motion to reconvert the case from chapter 13 to chapter 7. The Court concludes that she is.

---

[1] A good portion of the Debtor's opposition to the motion deals with equitable tolling. However, the Court did not and does not rely on the doctrine of equitable tolling. As stated in the Court's Prior Memorandum, the Court concludes that, by agreeing as part of her motion to convert the case to chapter 13 that her chapter 7 discharge could be vacated, the Debtor implicitly agreed that a new deadline to object to her chapter 7 discharge would commence if the case were reconverted to chapter 7.

3

The UST's amended complaint (the "Complaint") seeks denial of the Debtor's discharge under 11 U.S.C. § 727(a)(4)(A). Section 727(a)(4)(A) provides that an individual chapter 7 debtor's discharge should be denied if "the debtor knowingly and fraudulently, in or in connection with the case--(A) made a false oath or account...." Case authority has added to these elements the requirement that the omission be material. In re Searles, 317 B.R. 368, 376-77 (Bankr. 9th Cir. 2004).

As noted by UST, for collateral estoppel to apply: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior litigation, and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the prior litigation. In re Reynoso, 315 B.R. 544, 551 (Bankr. 9th Cir. 2004).

Although a motion to reconvert a case from chapter 13 to chapter 7 may be made on a variety of grounds, in this case, the sole basis for the motion was that the Debtor had intentionally and fraudulently omitted her litigation claim from her bankruptcy schedules and had lied under oath about having any such litigation claim at her meeting of creditors. The claim was clearly material. The case was otherwise a "no asset" case.[2] Thus, the

---

[2] Although the defendant in the litigation contended that claim was without merit, the Debtor obviously considered the claim material. When the claim was discovered by the UST, the Debtor amended her schedules, valuing the claim at $250,000 to $750,000.

4

issue presented in the Complaint is identical to the one that was presented by the UST's motion to reconvert the case.

The issue was actually litigated. The Court conducted an evidentiary hearing with respect to the circumstances surrounding the Debtor's failure to schedule the claim and her denial of having any such claim at the meeting of creditors. The Debtor testified and thus the Court had an opportunity to judge her credibility. Moreover, the activity going on in the litigation at the time the Debtor filed her bankruptcy petition and attended her meeting of creditors made it impossible to conclude that the Debtor's omission of the claim and her false testimony at the meeting of creditors was inadvertent. In ruling on the motion, the Court described the Debtor's conduct as "purposeful." By "purposeful," the Court meant not only intentional in a narrow sense but also fraudulent: i.e., intended to deceive.

Finally, the determination of the issue was necessary to the outcome of the prior litigation. As previously noted, this was the sole ground upon which the motion to reconvert was based. Moreover, the burden of proof was on the same party--the UST--in both instances and the standard of proof required was the same: i.e., a preponderance of the evidence. See Grogan v. Garner, 498 U.S. 279, 289 (1991).

**CONCLUSION**

The UST's motion for summary judgment will be granted. The UST's claim for denial of the Debtor's discharge under 11 U.S.C. § 727(a)(4)(A) is not time barred. By agreeing that her discharge

5

could be vacated on conversion of the case to chapter 13, the Debtor implicitly agreed that, if the case were reconverted to chapter 7, a new deadline for objecting to a new discharge would commence. Moreover, the doctrine of collateral estoppel entitles the UST to summary judgment on its claim. The Court's prior determination in connection with the UST's motion to reconvert the case involved identical issues, the issues were actually litigated, and the issues were necessary to the determination of the motion. Counsel for the UST is directed to submit a proposed form of order and judgment in accordance with this decision. The status conference currently scheduled for January 4, 2006 at 11:00 a.m. is hereby continued to February 9, 2006 at 11:00 a.m. and will be vacated without further order upon entry of the order and judgment.

END OF DOCUMENT

```
 1                          COURT SERVICE LIST
 2   Margaret H. McGee
     United States Department of Justice
 3   Office of the United States Trustee
     1301 Clay St., Ste. 690N
 4   Oakland, CA 94612-5217

 5
     Maxine Webb
 6   7618 Ney Ave.
     Oakland, CA 94605
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
```